UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| NOBLE BOYD EUGENE ANDERSON EL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:22-CV-287-KAC-JEM |
| | ) | |
| PATRICIA HALL LONG, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION AND ORDER DISMISSING ACTION**

Defendants Judge Patricia Hall Long and Nick McBride filed a "Motion to Dismiss" Plaintiff's pro se Complaint under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), alleging immunity and that the complaint fails to state a claim [Doc. 25]. Defendants David Maples and Justin Treadwell separately filed a "Motion to Dismiss Plaintiff's Complaint" under Rule 12(b), arguing that the Court lacks subject matter jurisdiction over this action and that service was not properly effected on them [*See* Docs. 20, 21]. For the reasons set forth below, the Court dismisses this action.

**I.   BACKGROUND**

This case arose from a foreclosure of the property located at 2742 Lucky Leaf Lane, Knoxville, Tennessee. On approximately May 5, 2022, Maple Properties, LLC ("Maple Properties") and "RHBTN," corporate entities that Defendants Maples and Treadwell are members of, bought the property at a foreclosure auction [Doc. 21 at 1, 10]. Plaintiff occupied the property during the foreclosure and auction [*Id.* at 2]. In July 2022, Maple Properties and RHBTN filed a detainer warrant to remove Plaintiff and all other occupants from the property [*Id.*].

1

Defendant Judge Long, a Knox County General Sessions Judge, presided over a proceeding regarding ownership of the property [Doc. 2 at 3-5]. And on August 16, 2022, Judge Long entered judgment in favor of Maple Properties and RHBTN, and against Plaintiff [*Id.* at 3-4; Doc. 21 at 2]. Thereafter, Defendant McBride, the Knox County Register of Deeds, refused Plaintiff's request to record "Secretary of state [sic] documents" that Plaintiff asked Defendant McBride to record [*See* Doc. 2 at 5]. Plaintiff believed that those documents entitled him to the property [*See id.* at 5-6]. Plaintiff elected not to appeal Judge Long's judgment [*Id.*]. Instead, Plaintiff filed this action on August 24, 2022, naming Judge Long, McBride, Maples, and Treadwell as Defendants [Docs. 1 at 1-2, 2 at 1-2].

Liberally construing the Complaint [Doc. 1] and supporting "Affidavit of Fact" [Doc. 2], Plaintiff raises various loosely-pled claims based on his assertion that he is a sovereign citizen. He also raises Section 1983 claims against Defendants Judge Long and McBride in their individual capacity for damages for violating his "right to due process" and "first amendment right of freedom of speech" [*See* Doc. 2 at 4]. And Plaintiff raises a separate Section 1983 claim against Defendant McBride in his individual capacity for damages for not "honoring this Constitutional Oath of office" [*Id.* at 5].[1] Plaintiff also raises state common law fraud claims against Defendants McBride, Maples, and Treadwell related to the foreclosure action and refusal to file Plaintiff's "Secretary of state [sic] documents" [*Id.* at 4-5].

---

[1] To the extent Plaintiff intended to raise his Section 1983 claims for damages against Defendants Judge Long and/or McBride in their official capacity as employees of the State of Tennessee and Knox County, those claims would be barred by sovereign immunity. *See Mikel v. Quin*, 58 F.4th 252, 256 (6th Cir. 2023). And the Court dismisses any intended claims on that basis.

## II. ANALYSIS

### A. The Court Has Subject Matter Jurisdiction Under 28 U.S.C. §§ 1331 And 1367.

The Court has an independent obligation to ensure that it has jurisdiction over an action. *See* Fed. R. Civ. P. 12(h)(3). Courts "liberally construe pro se filings," holding those litigants to "less stringent" pleading standards. *See Brent v. Wayne Cty. Dep't. of Human Servs.*, 901 F.3d 656, 676 (6th Cir. 2018). As discussed above, liberally construed in concert, Plaintiff's Complaint and supporting "Affidavit of Fact" assert Section 1983 claims against Defendants Judge Long and McBride related to the foreclosure of the property [*See* Doc. 2 at 4-5]. Plaintiff's filings therefore raise a federal question, which gives this Court subject matter jurisdiction under 28 U.S.C. § 1331. *See Brent*, 901 F.3d at 676. And the Court has supplemental jurisdiction over Plaintiff's state law fraud claims against Defendants McBride, Maples, and Treadwell under 28 U.S.C. § 1367 because those claims are "so related" to the Section 1983 claims "that they form part of the same case or controversy under Article III." *See* 28 U.S.C. § 1367(a); *see also City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 169 (1997); *Hucul Adv., LLC v. Charter Tp. Of Gaines*, 748 F.3d 273, 280 (6th Cir. 2014). Therefore, the Court has subject matter jurisdiction over this action.

### B. Plaintiff Failed To State A Federal Claim Against Defendants Judge Long Or McBride.

Rule 12(b)(6) provides that the Court may dismiss a case for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

3

for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must construe the allegations in the light most favorable to the nonmoving party, accept all well-pled factual allegations as true, and draw all reasonable inferences in the nonmoving party's favor. *See Hogan v. Jacobson*, 823 F.3d 872, 884 (6th Cir. 2016). But the Court does not "accept 'conclusory legal allegations that do not include specific facts necessary to establish the cause of action." *See Linden v. City of Southfield*, 75 F.4th 597, 601-02 (6th Cir. 2023).

### i. Plaintiff's Sovereign Citizen Claims Fail.

As an initial matter, Plaintiff's claims based on his assertion that he is a sovereign citizen fail. **First**, courts in this Circuit have repeatedly recognized that relying on the "Treaty of Peace and Friendship" of "1836" is frivolous because it fails to provide a private cause of action. *See, e.g.*, *Steele-El v. Valvoline Instant Oil Change*, No. 18-12277, 2019 WL 4640348, at *5 (E.D. Mich. Sept. 24, 2019). **Second**, claims predicated on the "United Nations Declaration of Rights of Indigenous People" are inviable, too, because the Declaration does not "create a judicially enforceable cause of action." *See Cooper Butt ex rel Q.T.R. v. Barr*, 954 F.3d 901, 905 (6th Cir. 2020). **Third**, "Ecclesiastical/Canon law/Positive Law" does not provide a cause of action. *See In re El*, No. 2:17-mc-23, 2020 WL 2465007, at *1-2 (S.D. Ohio May 13, 2020). And the same is true for Plaintiff's reliance on Sections 2-201, 9-204, and 9-314 of the Uniform Commercial Code. *Id.* Indeed, these types of claims amount to "shop worn" "sovereign citizen tropes that have long been summarily rejected." *See United States v. Cook*, No. 3:18-CR-00019, 2019 WL 2721305, at *4 (E.D. Tenn. June 28, 2019). Therefore, the Court dismissed these claims. *See Pleasant View Baptist Church v. Beshear*, 78 F.4th 286, 294 (6th Cir. 2023).

4

### ii. Judicial Immunity Bars Plaintiff's Section 1983 Claim Against Defendant Judge Long.

Generally, "state judges are absolutely immune from liability for their judicial acts." *See Briscoe v. Lahue*, 460 U.S. 325, 334 (1983). This immunity is broad. *See Norfleet v. Renner*, 924 F.3d 317, 319 (6th Cir. 2019). Judicial immunity does not extend, though, in two contexts: (1) "non-judicial actions" and (2) actions taken "in the complete absence of all jurisdiction." *Id.* (quoting *Mireles v. Waco*, 502 U.S. 9, 12 (1991) (per curiam)). Courts broadly construe a "judge's jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978).

Here, Defendant Judge Long is entitled to judicial immunity. Plaintiff does not allege that Judge Long took a "non-judicial" action [*See* Doc. 2 at 4]. Instead, Plaintiff appears to allege that Judge Long's exercise of discretion over courtroom procedure denied Plaintiff's "due process" rights [*Id.*]. And the facts do not permit the Court to infer that Judge Long acted "in complete absence of all jurisdiction" [*See id.*]. To the contrary, Plaintiff states that Judge Long allegedly violated his rights when she "told [him] to be quiet and sit down before she [held him] in contempt" during the proceeding regarding ownership of the property [*See id.*]. Under Tennessee law, Defendant Judge Long had jurisdiction over that proceeding. *See* Tenn. Code Ann. § 29-18-107, *et seq.* (providing that General Sessions Judges have jurisdiction over "[a]ll cases of forcible entry and detainer, forcible detainer, and unlawful detainer"). Accordingly, Defendant Judge Long is entitled to judicial immunity, and the Court dismisses Plaintiff's Section 1983 claim against her.

### iii. Qualified Immunity Bars Plaintiff's Section 1983 Claim Against Defendant McBride.

Qualified immunity "shields federal and state officials from money damages unless a plaintiff alleges facts showing (1) that the official violated a statutory or constitutional right, and

5

(2) that the right was clearly established at the time of the challenged conduct." *See Cunningham v. Shelby Cty.*, 994 F.3d 761, 764 (6th Cir. 2021) (citations omitted). Qualified immunity "gives ample room for mistaken judgments." *Trakhtenberg*, 661 F. App'x 413, 418 (6th Cir. 2016) (quoting *Chappel v. City of Cleveland*, 585 F.3d 901, 907 (6th Cir. 2009)). The Court "must determine '(1) whether the facts, when taken in the light most favorable to the party asserting the injury, show the officer's conduct violated a constitutional right; and (2) whether the right violated was clearly established such 'that a reasonable official would understand that what he is doing violates that right.'" *Id.* at 418-19 (quoting *Mullins v. Cyranek*, 805 F.3d 760, 765 (6th Cir. 2015)). The Court need not approach this analysis in any "rigid order of battle." *See Pearson v. Callahan*, 555 U.S. 223, 234 (2009) (citation omitted).

"A right is clearly established when it is 'sufficiently clear that every reasonable official would have understood that what he is doing violates that right.'" *Rivas-Villegas v. Cortesluna*, 142 S. Ct. 4, 7 (2021) (quoting *Mullenix v. Luna*, 577 U.S. 7, 11 (2015) (per curiam) (internal quotation marks omitted)). "[E]xisting precedent must have placed the statutory or constitutional question beyond debate." *Id.* at 7-8 (quotations omitted). When a defendant asserts qualified immunity, "*plaintiff* has the burden of showing that a right [wa]s clearly established" at the relevant time. *See Everson v. Leis*, 556 F.3d 484, 494 (6th Cir. 2009) (emphasis added).

Here, taking the second part of the qualified immunity inquiry first, the allegations do not permit the court to infer that Defendant McBride violated any "clearly established" statutory or constitutional right when he refused to record Plaintiff's "Secretary of state [sic] documents." **First**, the factual allegations in the filings do not permit the Court to infer that it was erroneous

6

for McBride not to record Plaintiff's "Secretary of state [sic] documents." The filings assert that Judge Long entered judgment against Plaintiff and in favor of other parties in the dispute over ownership of the property [*See* Doc. 2 at 3-5]. And Plaintiff believed that the "Secretary of state [sic] documents" that he subsequently asked McBride to record entitled him to the property, not the other parties [*See id.* at 5-6]. The record and relevant law do not permit the Court to infer that McBride was authorized to record Plaintiff's preferred documents when they contravened a judgment entered by Judge Long related to the same property. *See* Tenn. Code Ann. § 8-13-108, *et seq.* (outlining the duties and responsibilities of the Register of deeds). **Second**, even if McBride was mistaken, Plaintiff has not shown that any statutory or constitutional right was clearly established at the time McBride declined to record the "Secretary of state [sic] documents." Plaintiff has not identified any relevant precedent, and the Court could locate none. Accordingly, Defendant McBride is entitled to qualified immunity, and the Court dismisses Plaintiff's Section 1983 claims against him.

### C. The Court Declines To Exercise Jurisdiction Over Plaintiff's State Law Claims Against Defendants McBride, Maples, And Treadwell.

Finally, Plaintiff alleges state fraud claims against Defendants McBride, Maples, and Treadwell, but the Court need not reach those claims. As discussed above, the Court dismissed Plaintiff's Section 1983 claims against Defendants Judge Long and McBride. Those claims were the only claims on which this Court's original jurisdiction rests. Because the Court dismissed those claims, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. *See Weser v. Goodson*, 965 F.3d 507, 519 (6th Cir. 2020); *see also* 28 U.S.C. § 1367(c)(3) (providing that a district court may decline to exercise supplemental

jurisdiction when it has dismissed "all claims over which it has original jurisdiction"). Accordingly, the Court Dismisses Plaintiff's state law fraud claims against Defendants McBride, Maples, and Treadwell without prejudice.[2]

### III. Conclusion

For the reasons stated above, the Court **GRANTS IN PART** the "Motion To Dismiss" of Defendants Judge Patricia Hall Long and Nick McBride [Doc. 25] and **dismisses** Plaintiff's Section 1983 claims against them. And the Court **dismisses** Plaintiff's remaining state law claims against Defendants Nick McBride, David Maples, and Justin Treadwell **without prejudice**. Because the Court dismisses Plaintiff's claims against Defendants David Maples and Justin Treadwell, the Court **DENIES** their "Motion to Dismiss Plaintiff's Complaint" [Doc. 20] as **moot**. No claims remain in this action. Accordingly, an appropriate judgment shall enter.

IT IS SO ORDERED.

s/ Katherine A. Crytzer
KATHERINE A. CRYTZER
United States District Judge

---

[2] The Complaint lists only Patricia Hall Long, David Maples, Justin Treadwell, and Nick McBride as defendants in this action [Doc. 1 at 1-2]. Pages one and two of the "Affidavit of Fact" confirm that Plaintiff intends to proceed only against these four defendants [*See* Doc. 2 at 1-2]. However, without any explanation, page five of that Affidavit lists "**Defendants**, MAPLE PROPERTIES LLC; RHBTN LLC; and Justin Treadwell d/b/a JUSTIN TREADWELL CEO, Nick McBride d/b/a, **David Maples** d/b/a CEO" when referring to Plaintiff's state law fraud claims [*See* Doc. 2 at 5 (emphasis in original)]. To the extent Plaintiff intended to amend his complaint to add MAPLE PROPERTIES LLC and RHBTN LLC as defendants, the Court dismisses Plaintiff's intended state law fraud claims against those intended defendants without prejudice for the same reason.
8